R. F SIMONTON *v.* A. S. BROWN and wife.

A deed, void at the time of its execution, cannot be made valid and effective, by any amendment to the original proceedings under which such deed was executed.

Where land, devised to a husband, had, after his death, been assigned to his widow for dower in 1864, and the same had been sold under an order of Court in 1872, in a petition to sell the lands of the testator, who had devised said lands to pay his, the said testator's debt, to which petition the widow was not made a party: *Held,* that the sale was void as to her, and that no subsequent amendment, by which she was made a party, could make the sale valid, or effect her right to dower.

This was a CIVIL ACTION, in the nature of *ejectment,* to recover a certain tract of land and damages, tried at the Fall Term, 1874, of ALEXANDER Superior Court, being removed thereto, upon affidavit of defendants, from the Superior Court of Iredell county, before *Mitchell, J.,* upon the following facts, certified to this Court by his Honor.

One J. S. Byers died in February, 1863, leaving a last will and testament, in which he disposed of all his real and personal estate, and named his two sons, Washington and Augustus Byers, as his executors. At May Term, 1863, of the Court of Pleas, &c., of Iredell county, the said will was proved, and Washington alone qualified as executor thereof, taking charge of the estate soon thereafter, and assenting to the several legacies therein devised and bequeathed.

Augustus Byers entered into the possession of the lands devised to him, some 1,174 acres, and in May, 1874, died intestate, leaving no children nor lineal descendants; but leaving brothers and sisters and the children of a deceased sister, as his heirs at law, and the *feme* defendant in this action, his widow. At May Term, 1864, of said County Court of Iredell county, the *feme* defendant, then widow of said intestate, Augustus Byers, filed her petition for dower, and the lands, the subject of this present controversy, were regularly assigned to

her, by a decree of the Superior Court of said county, into which her petition had been carried. The defenlant, A. G. Brown, her husband, during the pendency of her petition for dower, and herself having married, was made a party to that proceeding.

Washington Byers, at the time he qualified as executor, entered into bond in the penal sum of $50,000 for the faithful discharge of the duties of his office, &c., with one Kerr and A. S. Atwell, as his sureties, and continued as said executor until December, 1869, when he was removed from said office by the Probate Court of Iredell county; and in 1870, one C. A. Carlton was appointed administrator, *de bonis non, cum testamento annexo* of said J. S. Byers' estate. Carlton, the administrator, in February, 1870, filed a petition in the Superior Court of Iredell county, praying that all the lands belonging to the estate of the said testator, J. S. Byers, including the land in controversy, should be sold for assets. In this petition, the heirs at law of the said testator were made parties defendant; but the prese t defendants, A. S. Brown and his wife, were not made parties thereto.

The administrator obtained an order to sell a part of the lands devised in said will of J. S. Byers, including that claimed by the *feme* defendant as her dower; and it is stated in said order, by way of description, that the *feme* defendant claimed this land as her dower. On the 5th day of August, 1872, the land was sold by the said administrator, and the plaintiff became the purchaser thereof, at the price of $2,000, which sale was duly confirmed at Fall Term, 1872, of said Court. The plaintiff, being at the time cashier of the Bank of Statesville, paid for the land with a certified check, and the administrator made him title.

On the trial, several issues were tendered by both plaintiff and defendant, most of which, relating to the sale of the land for assets, and the *devastavit* committed by Washington Byers, and the settlement of J. S. Byers' estate, are not pertinent to

any point decided in this Court, and are consequently omitted from this statement.

His Honor, being of opinion, that as against the creditors of J. S. Byers, the *feme* defendant was not entitled to dower; and upon the facts found by the jury, gave judgment for the plaintiff. The counsel for defendant moved for judgment, *non obstante veredicte*, which being refused, they appealed.

*Furches* and *Bailey*, for appellants.
*Folk & Armfield* and *Scott & Caldwell*, contra.

PEARSON, C. J. The land, in controversy, had been assigned to the *feme* defendant, for her dower, as the widow of Augustus Byers. The order to sell the land was made in a proceeding, to which she was not made a party. It follows that, as to her, the order and the sale and deed made to plaintiff in pursuance thereof, were all void and of no legal effect. The question is, did the amendment by which she was afterwards made a party, and the allegation of the insolvency of the sureties on the administration bond was added, give effect to the deed? There is no principle of law or equity, by which a deed, void at the time of its execution, can be made valid and have effect, by an amendment in the original proceeding. This is too plain for discussion.

After the necessary amendments were made in the proceeding, *Carlton* v. *Byers*, the proper order was to direct a re-sale of the land. The equity of the plaintiff to be allowed the amount, paid by him as a purchaser under the first order of sale, would have come on for further directions, upon the report of sale, and for distribution and application of the fund.

This is an action to recover land. Upon what principle of orderly procedure this action could be mixed up and confounded with a proceeding to sell land and make assets, the Court is not able to comprehend.

There is error. Judgment reversed. This will be certified.

PER CURIAM.                    Judgment reversed.